UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| Evolution Outdoors LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Tag Hunting LLC (d/b/a REK Broadheads),<br><br>    Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271.<br><br>Jury Trial Demanded |

## COMPLAINT

The Plaintiff, Evolution Outdoors LLC ("Evolution Outdoors"), for its Complaint against the Defendant, TAG Hunting LLC d/b/a REK Broadheads ("Defendant"), alleges as follows:

## The Parties

1. Plaintiff Evolution Outdoors LLC is an Arizona corporation having its principal place of business at 16408 W Mohave St., Goodyear, AZ. Evolution Outdoors is a leader in the development and design of archery technology and products, including broadheads for hunting animals.

2. Defendant TAG Hunting LLC d/b/a REK Broadheads is a Michigan

corporation with a place of business at 388 Nott Road, Bridgeport, MI. Defendant makes, uses, sells and offers for sale broadhead products, including those referred to as "FXD 2-Blade Fixed," "XP 2-Blade Expandable," and "HXP 2-Blade Expandable."

3. Defendant does business on a regular basis in Michigan and in this District, including making, using, selling and/or offering for sale its "FXD 2-Blade Fixed," "XP 2-Blade Expandable," and "HXP 2-Blade Expandable" broadheads in Michigan and this District that infringe Evolution Outdoors' rights.

### Jurisdiction and Venue

4. This is an action for damages and injunctive relief based on patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction over this complaint pursuant to at last 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction over the Defendant is proper in this Court because Defendant resides here, actively and regularly conducts business within the state of Michigan, and conducts business in this District through its headquarters located in Bridgeport, Michigan.

5. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)-(c) and § 1400(b). Defendant makes, sells and/or offers to sell its infringing

"FXD 2-Blade Fixed," "XP 2-Blade Expandable," and "HXP 2-Blade Expandable" in this District from its Bridgeport headquarters. Defendant has sales, manufacturing, and distribution facilities in this District at its Bridgeport headquarters.

## Defendant's Infringing Products

6. Defendant makes, sells, and offers to sell broadheads entitled "FXD 2-Blade Fixed," "XP 2-Blade Expandable," and "HXP 2-Blade Expandable."

7. As set forth herein, Defendant's "FXD 2-Blade Fixed," "XP 2-Blade Expandable," and "HXP 2-Blade Expandable" broadheads (the "Accused Products") infringe Evolution Outdoors' patent.

8. Defendant's Accused Products are depicted below and also in Exhibit B.



| "FXD 2-Blade Fixed" | "XP 2-Blade Expandable" | "HXP 2-Blade Expandable" |

## Count 1 - Infringement of U.S. Patent No. 11,549,790

9. Evolution Outdoors realleges and incorporates by reference the allegations stated in paragraphs 1-8 of this Complaint as if fully set forth herein.

10. On January 10, 2023, the United States Patent and Trademark Office duly and legally issued United States Patent No. 11,549,790 ("the '790 Patent") entitled "Multi-Functional Broadhead Fixed and Mechanical."

11. Evolution Outdoors is the owner of the '790 Patent, by virtue of the assignment to it of all rights, title and interest to the '790. A true and correct copy of the '790 Patent is attached to this Complaint as Exhibit A.

12. Defendant manufactures, uses, offers to sell, sells, and/or imports broadheads, including, but not limited to the Accused Products that directly infringe, either literally or through the doctrine of equivalents one or more claims of the '790 Patent, including at least claim 1.

13. Exemplary claim 1 of the '790 Patent recites:

1. A multifunctional broadhead comprising:

a ferrule wherein the ferrule includes a single slot;

a first blade configured to operate in a first mode;

a second blade and a third blade configured to operate in a second mode

wherein the second and third blades replace the first blade in the second mode, wherein a screw/pin secures the second and third blades to each other, wherein the second and third blades are held in a retracted position by insertion of a media into the second and third blades forming a friction fit and wherein upon

the target impact the blades deploy into an extended position, and wherein the first and second modes are user selected.

14. An exemplary claim chart cross-referencing the elements of claim 1 with an explanation of exemplary infringing aspects of the Defendant's Accused Products is attached as Exhibit B and is incorporated by reference herein.

15. As shown in Exhibit B, the Defendant's Accused Products include a multifunctional broadhead including each and every element of at least claim 1 of the '790 Patent, either literally or through the doctrine of equivalents, including:

1. A multifunctional broadhead comprising:

a ferrule wherein the ferrule includes a single slot;

a first blade configured to operate in a first mode;

a second blade and a third blade configured to operate in a second mode

wherein the second and third blades replace the first blade in the second mode, wherein a screw/pin secures the second and third blades to each other, wherein the second and third blades are held in a retracted position by insertion of a media into the second and third blades forming a friction fit and wherein upon the target impact the blades deploy into an extended position, and wherein the first and second modes are user selected.

16. Defendant has, literally or under the doctrine of equivalents, actively induced infringement, and is actively inducing infringement of one or more claims of the '790 Patent under at least 35 U.S.C. §271(b) by aiding and abetting, encouraging and intending its customers and recipients and possibly others as yet unknown to Evolution Outdoors to use, sell or offer to sell the Accused Products in a manner that directly infringes one or more claims of the of the '790 Patent, including at least claim 1. For example, Defendant instructs consumers that the blades of the accused "FXD 2-Blade Fixed" broadheads are interchangeable with the blades of the accused "XP 2-Blade Expandable" and "HXP 2-Blade Expandable" broadheads. Defendant's product packaging for the Accused Products states that the Accused Products have "interchangeable blades." Exhibit C (excerpt below).



17. Defendants sells a "Replacement Kit/Conversion Kit," and Defendant instructs customers that the blades of the Accused Products can be changed between "fixed or expandable by simply switching the blades." Exhibit D (excerpt shown below).



18.     Defendant posts videos touting how the fixed and expandable blades on the Accused Products are "interchangeable." *See* https://www.facebook.com/rekbroadheads/videos/587128402260512.

19.     Defendant also provides customers with written and video instructions how to interchange the fixed and expandable blades of the Accused Products. *See* https://www.rekbroadheads.com/instructions; https://www.facebook.com/rekbroadheads/videos/652522432280289; and

https://www.youtube.com/watch?v=XY0D_J4HDSg&t=6s.

20. Defendant also instructs its authorized dealers who sell the Accused Products to instruct customers that the blades of the Accused Products are interchangeable between a fixed and an expandable configuration. Exhibit E ("One of the first choices a bowhunter has to make is to shoot a Fixed or Expandable broadhead, with the REK XP you don't have to! Thanks to its modular ferrule design, the Expandable blade XP can transition into a fixed blade broadhead just by changing your blades.").

21. Defendant and its dealers also sell replacement blades for Defendant's Accused Products, and they instruct consumers that the fixed and expandable are interchangeable. (Exhibit F) ("Interchangeable with REK 1.8 XP, turn your expandable into a fixed blade with these blades").

22. On information and belief, Defendant had knowledge of Evolution Outdoors' patented broadheads and the '790 Patent, and has been, and continues to be, with full knowledge of the '790 Patent and is a deliberate and willful infringement thereof.

23. Defendant's acts of infringement have been without express or implied license by Evolution Outdoors, are in violation of Evolution Outdoors' rights, and will continue unless enjoined by this Court.

24. Evolution Outdoors has been and will continue to be irreparably

harmed by Defendant's infringement of the '790 Patent.

## Jury Demand

Evolution Outdoor demands a jury trial on all issues so triable.

## Prayer For Relief

**WHEREFORE**, Plaintiff Evolution Outdoors respectfully prays that:

A.    Pursuant to 35 U.S.C. § 271, this Court enter judgment that Defendant has been and is currently infringing the '790 Patent.

B.    This Court Order that Defendant and each of its officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with it who receive notice of the injunction, and others acting on its behalf, be permanently enjoined from infringing the '790 Patent, including through making, selling or offering for sale the infringing products or importing the infringing products or engaging in infringing activities;

C.    This Court Order that Defendant provide an accounting to determine the damages suffered by Evolution Outdoors as a result of Defendant's acts of patent infringement, such damages including no less than a reasonable royalty;

D.    This Court Order that Defendant pay Evolution Outdoors the amount of damages that Evolution Outdoors has sustained as a result of Defendant's acts of

patent infringement, and that such damages be trebled under 35 U.S.C. §284 as a result of any willful infringement of Evolution Outdoors' '790 Patent;

E.    This be declared an exceptional case under 35 U.S.C. § 285, and Evolution Outdoors be awarded its attorneys' fees;

J.    This Court Order that Defendant pay Evolution Outdoors an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

K.    Evolution Outdoors be granted such other further relief as the Court may deem proper and just.

Respectfully submitted,

WARNER NORCROSS + JUDD LLP

Dated: August 19, 2024    By: /s/Jonathan E. Lauderbach
Jonathan E. Lauderbach (P51313)
Randall Peck (P74271)
715 E. Main St., Ste. 110
Midland, Michigan 48640
989.698.3700
jlauderbach@wnj.com

Jason S. Shull
jshull@bannerwitcoff.com
Banner Witcoff
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
312.463.5000
*Attorneys for Plaintiff*